UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN BRUCE CLAUER,<br><br>Defendant. | No. 2:17-cv-01933 WBS AC<br><br><br>FINDINGS AND RECOMMENDATIONS |
|---|---|

This matter is before the court on plaintiff's motion for default judgment. ECF No. 19. The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19). For the reasons set forth below, the undersigned recommends plaintiff's motion be DENIED.

I.     Background

Plaintiff's complaint was filed on September 18, 2017. ECF No. 1. A notice of summons returned executed was filed on October 17, 2917. ECF No. 14. Plaintiff seeks to recover Department of Veterans Affairs ("VA") service-connected disability benefit overpayments that were made to defendant. ECF No. 1 at 1. Plaintiff alleges that defendant was overpayed because the VA failed to make a required 10% reduction in defendant's benefits due to defendant's incarceration. Id. at 2. On November 21, 2017, the Clerk of Court issued pre-judgment writs of garnishment for defendant's bank accounts and his inmate trust account. ECF Nos. 8 and 9.

Certificates of service for the pre-judgment writs were filed. ECF Nos. 10 and 11.

On October 27, 2017, plaintiff requested the Clerk's entry of default. ECF No. 15. This request was served on defendant. ECF No. 17. The Clerk entered default on October 30, 2017. ECF No. 18. Plaintiff moved for default judgment on October 30, 2017. ECF No. 19. The motion was initially set for hearing on November 22, 2017. Id. On November 16, 2017, the court noted that the motion for default judgment had not been served on defendant, vacated the hearing, served the motion, and ordered that it would be heard on the papers. ECF No. 20. The court notified defendant that he had 21 days to file an opposition to the motion, if he wished to do so. Id. at 2. On December 5, 2017, defendant filed an opposition. ECF No. 21. Plaintiff field a reply on December 14, 2017. ECF No. 23.

## II. Analysis

Default judgment is not appropriate in this case, where defendant has appeared and indicated that he wishes to defend or settle this lawsuit on the merits. "[A] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court will consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a preliminary matter, the undersigned rejects plaintiff's suggestion that defendant's opposition to the motion for default judgment need not be considered at all because notice for a motion for default is only required when a defendant has "appeared" in an action by filing an

answer or making another kind of formal appearance. ECF No. 23 at 2. Whether or not the court is required to consider it, the court declines to simply disregard a responsive pleading that it specifically asked for and then received.

The undersigned also disagrees with plaintiff's argument that the Eitel factors favor entry of default judgment in this case. Plaintiff argues that "[t]he United States will be prejudiced because the Defendant failed to appear or respond in this action and the United States will likely be unable to have a final resolution on its overpayment claims without a default judgment." ECF No. 23 at 3. This is inaccurate; plaintiff has paths available in this suit beyond entry of default judgment, such as a dispositive motion on the merits. To support its argument, plaintiff relies on a case where, unlike here, the defendant failed to oppose entry of default judgment. Id. (citing United States v. Sundberg, No. C-09-4085 EMC, 2011 WL 3667458, at *1 (N.D. Cal. Aug. 22, 2011)). In the present case, where defendant has opposed the entry of default judgment and made some argument as to the merits of plaintiff's claims, the seventh Eitel factor is dispositive. In light of "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits," entry of default judgment should be denied.

### III. Conclusion

For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motion for default judgment (ECF No. 19) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 27, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE